COUCH BROS. et al. v. ALLEN MFG. CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   December 5, 1905.)

No. 1,484.

PATENTS—INFRINGEMENT—CASING FOR HORSE COLLARS.

The Couch patent, No. 699,151, for a casing for horse collars, construed, and held not infringed.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

The following is the opinion of Newman, District Judge, in the Circuit Court:

This bill is brought by complainant to enjoin the defendants from an alleged infringement of letters patent No. 699,151, dated May 6, 1902. The letters patent set up by complainant, an infringement of which is claimed, is for a casing for horse collars, issued to Andrew G. Couch, assignor to Couch Bros. & J. J. Eagan Company. The patentee's invention is perhaps sufficiently stated by his first claim, which is as follows: "A casing for a section of a horse collar, consisting of a single piece of material provided with a V-shaped notch and folded upon itself into two unequal parts, the edges of the notch substantially meeting and being stitched together, the wider part of the casing being folded inward upon itself to form a rim, the edge of the narrower part of the casing being turned inward, but overlapping the folded portion of the wider part of the casing; the whole being united by stitching from the outside through the overlapping portions of the casing, substantially as described." The defenses set up in the answer of the defendants are lack of invention, want of novelty, and want of utility; that the plaintiff abandoned the invention; that the patentee made and sold articles without marking the same "patented"; and that the defendants are not guilty of any infringement of the patent.

The matters seriously contested are lack of invention, of novelty, and of infringement. I do not think it necessary to discuss the contention of counsel before the court and in their briefs with reference to the applicability of section 4920 of the Revised Statutes [U. S. Comp. St. 1901, p. 3394] requiring notice for 30 days to plaintiff or his attorney before certain matters can be offered in evidence under the general issue, because I am satisfied, even if the evidence were admitted, it is not sufficient, under the well-established rule as to the degree of evidence required to overcome the presumption of patentability arising from a grant of letters patent from the Patent Office. Consolidated Rubber Tire Co. v. Finley Rubber Tire Co. (C. C.) 116 Fed. 629, 632. In the opinion in the foregoing case, Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017, was cited, in which it is said: "Not only is the burden of proof to make good this defense [lack of patentability] upon the party setting it up, but it has been held that 'every reasonable doubt should be resolved against him.'"

Applying this rule to the present case, and after a full consideration of the evidence adduced, I must sustain the complainant's patent as involving invention and novelty; and it certainly appears to have utility. Couch's patent must be restricted in accordance with the action of the Patent Office to those claims which, after modifications and withdrawals, were finally allowed. These are shown by the file wrapper and the letters patent. Substantially the claims of Couch are for (1) the idea of a single piece of cloth; and (2) folding the same and turning the outer edge of the broader part underneath the narrower part, then turning in the narrower part sufficiently to stitch the four thicknesses of cloth thus formed, together, with the raw edges inside, and thereby avoid turning; the two elements, a single piece of cloth, and the preparation for and stitching, avoiding the necessity for turning, being the essential features of the invention. The defendants' casing is not made of a single piece of cloth, and it must be stitched, and then turned, before it is ready for use. It does not appear, therefore, that either of the two specific items, which are certainly the main features of the complainant's patented casing, are used by the defendants. My conclusion, therefore, is that infringement cannot be decreed against the defendants for the use of a collar casing described in the testimony and shown by the exhibits in evidence.

Further, it seems to me to be clearly established by the evidence that the casing now being used by the Allen Manufacturing Company, defendant, had been used by C. L. Allen, one of the defendants, before Andrew G. Couch could have had his conception of the casing which he subsequently patented. The earliest date, according to Couch's own evidence, at which he could have conceived the idea which he afterwards embodied in his claims for letters patent, would be in October, 1899; and the undisputed evidence, as I have been able to gather it from the record, shows that the defendants' casing

had been used before that time. Couch only applied for his patent on October 7, 1901. If his conception of his invention was subsequent to the conception and use by C. L. Allen of a casing substantially the same as that now used by the defendants, no infringement could be decreed in this case for that reason; and that C. L. Allen did conceive and use this casing in the summer of 1899 is established by the evidence of witnesses who are uncontradicted. If the casing used by the defendants is the same as the casing used by complainants and covered by letters patent No. 688,151, or if the defendants' casing is the equivalent of that of Couch's, if C. L. Allen had discovered and was using the same before Couch's conception, it might not only entitle the defendants to a decree of noninfringement, but also that Couch's patent lacks novelty by reason of the prior use. Walker on Patents (4th Ed.) §§ 71–73; 22 Am. & Eng. Encyc. Law, p. 307. This latter need not be determined, however, because in the two essential features of the Couch patent to which I have referred, I have concluded that there is no infringement by the defendant's casing.

The injunction prayed for by complainant must be denied, and the bill dismissed, on the ground that the evidence establishes that the defendants' casing had been in use prior to the time Couch conceived the idea of the casing embodied in letters patent No. 699,151.

V. A. Batchelor and Charles E. Foster, for appellants.

E. M. Underwood and Victor Lamar Smith, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. If the appellants have a valid patent, the appellees have not infringed it. The decree of the Circuit Court is affirmed.